UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOHN MARTINI,

|  |  |
|---|---|
| Plaintiff. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| -against- | |
| THE CITY OF NEW YORK, P.O. HADKIN and POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities. | **JUDGE: DC** **07 cv 8447** |
| Defendants. | |

---------------------------------------------------------------x

Plaintiff, JOHN MARTINI, by and through his attorney, **ARNOLD J. LEVINE, ESQ.**,

complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of

Defendants THE CITY OF NEW YORK, P.O. HADKIN, and POLICE OFFICERS "JOHN and

JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown), as

Officers of the New York City Police Department, acting under color of state law and pursuant

to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42

U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its First, Fourth, Fifth,

Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New

York.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4.  Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5.  Venue is properly laid in the this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P.38(b).

## PARTIES

7.  At all times relevant hereto Plaintiff was and is a resident of New York County in the State of New York, in the Southern District of New York.

2

8.  At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

9.  At all times relevant to this action, Defendants P.O.  HADKIN and POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown) are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.  They are being sued in both their individual and official capacities.

10.  At all times relevant hereto and in all their actions described herein, the Defendants P.O. HADKIN and POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown) were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11.  NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD.

**FACTS**

12.  On or about July 2, 2006, at approximately 11:00 p.m., Plaintiff JOHN MARTINI was in or about the area of Broadway at West 45th Street, in the area of the Mariott Hotel, New York, New York.

3

13.  Plaintiff, a freelance photographer, was walking around the area and taking photographs when he noticed the police pull over a vehicle on Broadway.

14. Plaintiff began to take photographs of the police interaction with the occupants of the vehicle.

15. Plaintiff continued to take photographs as the police officers actions toward the vehicle's occupants escalated and became violent.

16. A female police officer, Defendant "JANE DOE" (said name being fictitious, as the true name is presently unknown) approached Plaintiff and told him to stop taking pictures.

17. When Plaintiff asked why he had to stop taking pictures, the female police officer, Defendant "JANE DOE" (said name being fictitious, as the true name is presently unknown), said because she said so.

18. Plaintiff continued to take pictures of the police officers increasingly violent conduct toward a female they had forcibly removed from the stopped vehicle.

19.  The female police officer, Defendant "JANE DOE" (said name being fictitious, as the true name is presently unknown), then backed Plaintiff up until he was about one-half block from the scene of the altercation between the police officers and the occupants of the stopped vehicle, which the Plaintiff was photographing, and told Plaintiff to leave.

20. The female police officer, Defendant "JANE DOE" (said name being fictitious, as the true name is presently unknown), then began speaking into the radio she had on her shoulder.

21. Plaintiff  was approached by 6-8 police officers, Defendant POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown).

4

22. Defendant POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown), then pushed Plaintiff hard to the ground, banging Plaintiff's head and face on the sidewalk.

23. As a result of being pushed to the ground and having his head and face pushed onto the sidewalk by Defendant POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown), Plaintiff suffered cuts, abrasions, and bruises to his face, head, back, and shoulder.

24. While Plaintiff was on the ground, Defendant POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown), forcibly seized Plaintiff's camera, which had been strapped to his wrist.

25. Plaintiff was then handcuffed and removed to the Midtown South Police Precinct.

26. After Plaintiff was at the precinct, Defendant POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown), placed Plaintiff in leg irons and removed Plaintiff to Bellevue Hospital.

27. The leg irons were painful and humiliating to Plaintiff.

28. Defendant Police Officer Hadkin was assigned as the arresting officer and, therefore, was responsible for the processing of the arrest and the completion of the arrest paperwork.

29. Plaintiff was eventually brought to Manhattan Central Booking and was released on his own recognizance at his arraignment.

30. By the time Plaintiff was released from custody, he had spent approximately twenty-three hours in custody.

31. Within a few days of his release from custody, Plaintiff sought medical attention at St. Vincent's Hospital in Manhattan.

32.  All criminal charges against Plaintiff associated with the July 2-3, 2006, arrest were eventually dismissed.

33.  Within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff JOHN MARTINI was served upon NYC.

34.  On July 10, 2007, an oral examination of Plaintiff was conducted pursuant to Section 50-h of the General Municipal Law.

35.  At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

36.  This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF:
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>

37.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38.  All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

39.  All of the aforementioned acts deprived Plaintiff JOHN MARTINI of the rights, privileges, and immunities guaranteed citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

40.  The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

41.  The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

42.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

43.  By these actions, these Defendants have deprived Plaintiff of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
### CONSPIRACY TO VIOLATE CIVIL RIGHTS

44.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45.  All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to prevent Plaintiff from exercising his rights to assembly and to take photographs and by agreeing among themselves not to prevent each other from violating Plaintiff's civil rights, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

46.  All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF:
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

47.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if fully set forth herein.

48.  The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

49.  Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

50.  As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising, and abrasions about his face, head, and body

51.  All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF:
### ASSAULT AND BATTERY

52.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 51 with the same force and effect as if fully set forth herein.

53.  By the aforementioned actions, the Defendant Police Officers did inflict assault and battery upon the Plaintiff JOHN MARTINI.  The acts and conduct of the Defendant Police

Officers were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54.  As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, psychological trauma, great humiliation, costs, and expenses and was otherwise damaged and injured.

### FIFTH CLAIM FOR RELIEF: <br> FALSE ARREST

55.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 54 with the same force and effect as if fully set forth herein.

56.  As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

57.  As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule, and disgrace and was deprived of his liberty.  Plaintiff was discredited in the minds of may members of the community.

58.  All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF:
## <u>FALSE IMPRISONMENT</u>

59.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60.  As a result of his false imprisonment, Plaintiff was subjected to humiliation, ridicule, and disgrace and was deprived of his liberty.  Plaintiff was discredited in the minds of many members of the community.

61.  All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction the hear and adjudicate such claims.

## SEVENTH CLAIM FOR RELIEF:
## <u>MUNICIPAL LIABILITY</u>

62.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 61 with the same force and effect as if fully set forth herein.

63.  Defendant POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown)  used excessive and unreasonable force during the stop, search, and arrest of Plaintiff despite a lack of force or resistance by Plaintiff , notwithstanding his knowledge that said force would jeopardize Plaintiff's liberty, well-being, safety, and constitutional rights.

64.  Defendant POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown) failed to protect Plaintiff from the violation of his civil and constitutional rights by each other Defendant's use of excessive and unreasonable force against Plaintiff.

10

65. The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

67. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

68. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff JOHN MARTINI.

69. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff JOHN MARTINI as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff JOHN MARTINI as alleged herein.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff JOHN MARTINI.

72. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

73. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

74. All of the foregoing acts by Defendants deprived Plaintiff JOHN MARTINI of federally protected rights, including, but not limited to, the right:

    a.    Not to be deprived of liberty without due process of law;

    b.    To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

    c.    To be protected against violations of his civil and constitutional rights, including, but not limited to, his rights under the First, Fourth, Fifth, and Eighth Amendments to the United States Constitution.

    d.    To be provided necessary medical treatment while in police custody;

    e.    To be free from intentional assault, battery, and infliction of emotional distress;

    f.    Not to have cruel and unusual punishment imposed upon him;

    g.    To receive equal protection under the law; and

h.      Not to be deprived of substantive due process of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1.  Special and compensatory damages in the amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; and

2.  Punitive damages in the amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; and

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court deems just and proper.


DATED:      New York, New York
            SEPTEMBER 27, 2007


                                        Respectfully submitted,


                                        /S/ Arnold J. Levine
                                        Arnold J. Levine (AL6819)

                                        ARNOLD J. LEVINE, ESQ.
                                        *Attorney for Plaintiff*
                                        The Woolworth Building
                                        233 Broadway, Suite 901
                                        New York, New York 10279
                                        (212) 732-5800