**MEMO ENDORSED**



THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**CAROLINE CHEN**
Assistant Corporation Counsel
Phone: (212) 788-1106
Fax: (212) 788-0367
Email: cchen@law.nyc.gov

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/07
```

November 5, 2007

**BY HAND**
Honorable Denny Chin
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312



RECEIVED
NOV 06 2007
JUDGE CHIN'S CHAMBERS

Re: John Martini v. The City of New York, et al.
    07 CV 8447 (DC)

Your Honor:

    I am the Assistant Corporation Counsel assigned to the defense of the City of New York in the above-referenced matter. I write to respectfully request that defendant City of New York be granted a sixty-day enlargement of time from November 8, 2007, to January 8, 2008, to answer or otherwise respond to the complaint. This application is made with plaintiff's counsel's consent.

    In the complaint, plaintiff alleges, *inter alia*, that, on or about July 2, 2006, the City violated his constitutional rights when New York City Police Department officers assaulted him, and thereafter falsely arrested, falsely imprisoned and maliciously prosecuted him.

    There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. To that end, this office has already made a request to plaintiff's counsel for execution of a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to §160.50, all official records concerning the arrest of plaintiff have been sealed upon the termination of the criminal investigation. Defendant cannot obtain these records without the designations, and without the records, defendant cannot properly assess this case or respond to the complaint. This office has also forwarded to plaintiff's counsel medical releases for execution so that we can access plaintiff's medical records.

*Approved.*
SO ORDERED.
[signature] 11/7/07

Second, the enlargement will allow plaintiff to identify and serve process upon any individually named defendants if service has not yet been effected.[1] Once plaintiff has effected timely service on the individual defendants and these individuals request representation from this office, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent any individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant City of New York's time to answer or otherwise respond to the complaint be extended to January 8, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Caroline Chen (CC5289)
Assistant Corporation Counsel

cc: Arnold Jay Levine, Esq. (by fax)
233 Broadway, Suite 901
New York, New York 10007

---

[1] The court docket indicates that a "Police Officer Hadkin" was served with process at the Midtown South Precinct on or about October 18, 2007. However, upon information and belief, said individual is New York City Police Department Police Officer Adrienne Haddican, who is assigned to the 6th Precinct. The undersigned has informed plaintiff's counsel of Officer Haddican's assignment and the address whereby proper service of process may be effected upon this individual.