UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JOHN MARTINI,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. HADKIN and POLICE
OFFICERS "JOHN and JANE DOE" #1-8 (said names
being fictitious, as the true names are presently unknown),
Individually and in their official Capacities.

                      Defendants.

------------------------------------------------------------------x

**ANSWER**

07 CIV 8447 (DC)

JURY TRIAL
DEMANDED

       Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges upon information and belief, as follows:[1]

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed and to invoke the Court's jurisdiction as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

---

[1] Upon information and belief, "P.O. Hadkin" has not been served with process and thus is not party to this action.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to base venue as stated therein.

6. Paragraph "6" of the complaint sets forth no averments of fact to which a response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipality and maintains a police department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, and respectfully refers all questions of law to the Court.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that the City of New York maintains a police department.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's purported taking of photographs.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's purported taking of photographs.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admits that, upon information and belief, plaintiff was arrested and handcuffed by members of the New York City Police Department on or about July 2, 2006, at approximately 2 p.m.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that, upon information and belief, plaintiff was transported to Bellevue Hospital on or about July 2, 2006.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint, except admits that NYPD Officer Adrienne Haddican was plaintiff's arresting officer on or about July 2, 2006.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint, except admits that a document purporting to be a "Notice of Claim" was received by the New York City Comptroller's Office.

34. Denies the allegations set forth in paragraph "34" of the complaint, except admits that on or about July 10, 2007, an oral examination of plaintiff pursuant to G.M.L. § 50-h was conducted.

35. Denies the allegations set forth in paragraph "35" of the complaint, except admits that a document purporting to be a "Notice of Claim" was received by the New

York City Comptroller's Office and that no payment or adjustment has been made.

36. Denies the allegations set forth in paragraph "36" of the complaint, except admits that the complaint was filed on or about September 28, 2007.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint, and respectfully refers all questions of law to the Court.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint, and respectfully refers all questions of law to the Court.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the opinions of "members of the community" regarding plaintiff.

58. Denies the allegations set forth in paragraph "58" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

60. Denies the allegations set forth in paragraph "60" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the opinions of "members of the community" regarding plaintiff.

61. Denies the allegations set forth in paragraph "61" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint, including all subparts therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

75. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

76. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

77. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

78. Plaintiff has failed, in whole or in part, to comply with GML §50(i) and GML §50(e).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

79. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

80. Plaintiff may have failed to comply with the conditions precedent to suit.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

81. At all times relevant to the acts alleged in the complaint, defendant acted reasonably, properly, lawfully and in good faith in the exercise of its discretion. Consequently, defendant is entitled to governmental immunity.

## AS AND FOR AN EIGHTY AFFIRMATIVE DEFENSE:

82. Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

83. Plaintiff cannot obtain punitive damages from the municipal defendant.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 22, 2008

                           MICHAEL A. CARDOZO
                           Corporation Counsel of the
                             City of New York
                           *Attorney for Defendant City of New York*
                           100 Church Street, Room 3-199
                           New York, New York 10007
                           (212) 788-1106

By: _____
        CAROLINE CHEN
        Assistant Corporation Counsel

To:    Arnold J. Levine, Esq. (by ECF and by regular mail)
        *Attorney for Plaintiff*
        233 Broadway, Suit 901
        New York, New York 10279

Index No. 07 CIV 8447 (DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN MARTINI,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. HADKIN and POLICE OFFICERS "JOHN and JANE DOE" #1-8 (said names being fictitious, as the true names are presently unknown), Individually and in their official Capacities.

                Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street, Room 3-199*
*New York, New York 10007*

*Of Counsel: Caroline Chen*
*Tel: (212) 788-1106*
*NYCLIS No. 2007-032054*

*Due and timely service is hereby admitted. New York, New York    , 2008 . . .*

*................................................................ Esq.*

*Attorney for ...............................................................*

## DECLARATION OF SERVICE BY MAIL

I, CAROLINE CHEN, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on January 22, 2008, I caused to be served the **ANSWER** upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

Arnold Jay Levine, Esq.
*Attorney for Plaintiff*
233 Broadway, Suite 901
New York, New York 10007


Dated:    New York, New York
          January 22, 2008

_____
CAROLINE CHEN